UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BARRY HARRIS,<br><br>                     Petitioner,<br>v.<br><br>WARDEN OLIVER, et al.,<br><br>                     Respondents. | Case No. 2:23-cv-00815-RFB-EJY<br><br>ORDER |

      Petitioner Barry Harris, proceeding *pro se*, has submitted a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1-1) and paid the filing fee (ECF No. 4). The petition alleges that Harris's constitutional rights are being violated because he is being kept in H.R.P. administrative segregation[1] even though he completed the "disciplinary segregation" time ordered at his prison disciplinary hearing. He also alleges that, as a pretrial detainee, his confinement in H.R.P. administrative segregation is preventing him from preparing his defense against pending criminal charges. For reasons that follow, the Court will dismiss the petition.

      Under Rules Governing Section 2254 Cases in the United States District Courts, the Court must examine the habeas petition and dismiss it if it "plainly appears" the petitioner is not entitled to relief. Rule 4, see also Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"); Valdez v. Montgomery, 918 F.3d 687, 693 (9th

---

[1] "H.R.P" stands for "high risk potential."

Cir. 2019). Rule 4 authorizes courts to dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

"The Supreme Court has recognized that '[f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871 . . . . 42 U.S.C. § 1983.'" Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016). (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam)). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action...." Id. "[A] § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." Id. If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus" and must be brought, "if at all," in a § 1983 action. Id. at 931. Habeas relief is also unavailable for "probabilistic" claims, i.e., claims that "require [the court] to guess at the discretionary decisions of state officials in order to determine whether an action sounds in habeas or § 1983, and which prerequisites must be met." Id. at 934.

Neither of Harris' claims, even if successful, would necessarily lead to his immediate or speedier release from custody. Thus, his claims do not fall within "the core of habeas corpus." His avenue of relief, if any, would be § 1983 complaint. Because Harris fails to state a claim cognizable in a proceeding under § 2254, the Court dismisses his habeas petition.

IT IS THEREFORE ORDERED that this action is dismissed. The Clerk of Court is directed to enter final judgment accordingly and close this case.

IT IS FURTHER ORDERED that a certificate of appealability is denied as jurists of reason would not find the dismissal to be debatable or wrong.

Case 2:23-cv-00815-RFB-EJY   Document 5   Filed 01/08/24   Page 3 of 3

1  IT IS FURTHER ORDERED that the Clerk shall file the petition for writ of habeas
2  corpus (ECF No. 1-1) and motion for appointment of counsel (ECF No. 1-2).  The motion for
3  appointment of counsel is denied as moot.
4  IT IS FURTHER ORDERED that the Clerk shall also electronically serve the
5  Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for Respondents and
6  directing a notice of electronic filing of this order to his office. No response is required from
7  Respondents.
8  **DATED:** January 8, 2024

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**